NORTHEAST COUNTIES OF OKLAHOMA ECONOMIC DEVELOPMENT ASSOCIATION The agreement between the Oklahoma counties known as the "Northeast Counties of Oklahoma Economic Development Association" contains sufficient language in its purposes clause to allow this association to do adequate comprehensive long range regional planning within the region composed of the signatory counties providing each of the signatory counties has provided by resolution for the establishment of a county-wide economic development program. The Attorney General is in receipt of your request for an opinion from this office dated August 31, 1970, wherein you ask: "Does the agreement between Northeastern Oklahoma counties, commonly known as 'Northeast Counties of Oklahoma Economic Development Association' contain sufficient language in its purposes clause to allow this association to do adequate comprehensive long range regional planning?" You enclose a copy of a Joint Resolution of the Boards of County Commissioners of the Counties of Craig, Delaware, Mayes, Nowata, Ottawa and Rogers, providing for the creation of an Economic Development Association for said Counties. On page three of said Agreement, the purposes of this voluntary Association are set out in part, as follows: "A. In coordination with the Oklahoma State Planning Agency, to prepare and develop a district overall economic development program and revisions and updating thereof, for long-range economic growth which programs include adequate land use and transportation planning and contain a specific program for district cooperation, self-help and the investment of public resources, both financial and human. "B. To formulate, develop and administer a program for planning and development in order to improve economic conditions in the region in respect to unemployment, under-employment and distressed economic conditions. "C. To coordinate the overall economic planning and development in the region among the members. "D. To carry out such research, planning and advisory functions as are necessary and helpful to the foregoing activities." (Emphasis added) At the bottom of page three (3) and page four (4), the Association is stated to have certain authority, responsibilities and functions, including: "A. To formulate, adopt and extend, revise and update an overall economic development plan for the district with due regard for the development of the overall economic needs of the district, as well as other portions of the area or state as may be affected thereby. To advise and assist its members within the Association on how to best implement and make effective the plan for the overall best interest of each member of the Association. "C. To contract for services with persons or firms or other units and levels of government to carry out the purposes of the Association. "G. To apply for, contract for, receive and expand for its purposes, funds or grants from any participating governmental unit, the State of Oklahoma, the Federal Government, or any other source. "I. To receive funds from the members of the Association, as set out in this Agreement to finance the costs of operation of the Association. "J. Assist in planning, implementing and carrying out public works and other projects within and for the benefit of the district." Title 19 O.S. 1101 [19-1101] — 19 O.S. 1104 [19-1104] (1969), provide in part respectively as follows: "1101. The board of county commissioners of any county may, by resolution, provide for the establishment of a county-wide economic development program and may provide for the financing thereof from the county general fund. . . . "1102. Any such county establishing an economic development program under this act may utilize the funds herein authorized to conduct studies and prepare comprehensive plans for its future economic growth and development; to inventory the services, facilities and resources of the entire county; to promote, stimulate and encourage the growth and development of the agriculture, commerce and industry of the county as a whole, in order to achieve maximum utilization of its human, economic and natural resources. . . . "1104. Any two or more counties may jointly and cooperatively undertake programs to promote the growth and development of the industrial payroll of the area or region in which such counties are located, and any county may likewise cooperate with political subdivisions of the county and with other public or private nonprofit agencies to achieve the purposes set forth in this act." The Interlocal Cooperation Act, cited as 74 O.S. 1001 [74-1001] — 74 O.S. 1008 [74-1008] (1969), in Section 74 O.S. 1004 [74-1004] and 74 O.S. 1007 [74-1007], respectively, provides in part: "(a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state, . . . "Appropriate action by ordinance, resolution or otherwise pursuant to law of the governing bodies of the participating public agencies shall be necessary before any such agreement may enter into force. "(c) Any such agreement shall specify the following: 1. Its duration. 2. The precise organization, composition and nature of any separate legal or administrative entity created thereby together with the powers delegated thereto, provided such entity may be legally created. 3. Its purpose or purposes. 4. The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget therefor. 5. The permissible method or methods to be employed in accomplishing the partial or complete termination of the agreement and for disposing of property upon such partial or complete termination. "(e) 2. No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law . . . "Any public agency entering into an agreement pursuant to the act may appropriate funds and may sell, lease, give, or otherwise supply the administrative joint board or other legal or administrative entity created to operate the joint or cooperative undertaking by providing such personnel or services therefor as may be within its legal power to furnish." We have checked the agreement sent us which has been executed by Craig, Delaware, Mayes, Nowata, Ottawa and Rogers Counties, members of the Northeast Counties Economic Development Association. We find that such agreement complies with the provisions of the Interlocal Cooperation Act and contains planning as one of its purposes. If each of the signatory counties has by resolution of the Board of County Commissioners provided for the establishment of a county-wide economic development program and the financing thereof any such county has authority to "conduct studies and prepare comprehensive plans" under the provisions of 19 O.S. 1101 [19-1101] — 19 O.S. 1105 [19-1105] (1969), supra. It is therefore the opinion of the Attorney General your question be answered with a qualified affirmative. The agreement between northeastern Oklahoma counties commonly known as "Northeast Counties of Oklahoma Economic Development Association" contains sufficient language in its purposes clause to allow this association to do adequate, comprehensive, long range, regional planning within the region composed of the signatory counties providing each of the signatory counties has provided by resolution for the establishment of a county-wide economic development program. (W. J. Monroe) ** SEE: OPINION NO. 70-297 (1970) **